## Case No. 8,730b.

### McCOY v. MARIETTA & C. R. CO.

[7 Cin. Law Bul. 93; 28 Int. Rev. Rec. 81.]

Circuit Court, S. D. Ohio. Feb., 1882.

RAILROAD RECEIVERS — ILLEGAL DISCRIMINATIONS —FEDERAL COURTS ENJOINING STATE COURT RECEIVERS.

[1. It is a breach of public trust for receivers of a railroad company to agree to deliver all stock coming within their control at the stock yards owned by a particular company, to the exclusion of yards owned by others, in the same city, and equally well situated.]

[2. A federal court will refuse, in the exercise of its discretion in relation to granting injunctions, to enjoin railroad receivers appointed by a state court from making illegal discriminations between parties entitled to the road's services as a carrier. The proper remedy is to apply to the appointing court, and thus avoid the danger of conflict of jurisdiction.]

Application for an injunction to compel the receivers of the Marietta and Cincinnati Railroad Company to receive consignments of stock and deliver the same to the Cincinnati Stockyards, of which McCoy is the lessee. The petition states that plaintiff is a citizen of Kentucky, and has leased the Cincinnati Stockyards at $15,000 per annum for three years. That the Cincinnati Stockyards cover about twelve acres of land in Cincinnati, adjoining the United Railroads Stockyards, and are fully equipped for business, having cost $300,000. That the Marietta and Cincinnati Railroad affords the only access to either stockyards, and that the business can only be done over that road. That the railroad company has entered into a contract with the United Railroads Company for exclusive deliveries of stock to that company, and that the receivers refuse to deliver stock to the Cincinnati yards, and have instructed their agents to refuse to receive shipments of stock consigned to the Cincinnati yards. The bill prays an injunction to compel defendants to receive, transport, and deliver all stocks consigned to complainant according to consignment.

The paragraph from the contract which is claimed to be illegal is as follows: "That they (the railroad companies) will make the grounds of said stockyards company, purchased or to be purchased as aforesaid, their stock depots, respectively, for the city of Cincinnati, and, so far as they lawfully may, they will receive and deliver stock controlled by them or their officers or agents, respectively, only at said stock depot."

The court said that, while it seemed to him that the defendants were bound to treat all stockyards alike, yet the defendants were receivers appointed by a state court, and that he ought not to interfere by injunction, as it would be an interference by one court with the orders of another. The receivers are officers of that court, and the court by which they were appointed, subject to its orders. The complainant claims that while it is an undoubted general rule that one court will not entertain jurisdiction against a receiver appointed by another, yet this rule had been changed by statute in Ohio, referring to sections 3415 and 3416, Rev. St. The complainants say that they had the fullest confidence in the judge of the common pleas court of Ross county; that they knew him personally, and that he was a judge of high character and capacity; but that the receivers had filed a petition in that court, asking instructions upon the matter in question, and urging the court to refuse the complainant's request. Being officers of that court, it would be but natural that the judge would give great consideration to their views and representations.

A. F. Perry, Jordan & Jordan, Williams & Ramsey, and Matthews & Matthews, for complainant.

W. T. McClintock, Stallo, Kittridge, Shoemaker, and Paxton & Warrington, for defendants.

BAXTER, Circuit Judge. It is clear in my mind that the receivers are in sympathy with the United Railroads Company and against the Cincinnati Company. It is also clear to my mind that if the facts stated in the bill of complaint be true, there is, upon the part of these receivers, a breach of public trust. Railroads are authorized to be built and used for the public good. Railroad managers are bound to deal impartially between all the persons and companies requiring their services. If they may enter into arrangements of the character here presented they may soon control the entire business of the country. They may decree that one iron furnace shall run, and that another shall stop; they may take a personal interest in a rolling mill, an elevator or a coal mine, and by discrimination in the transportation of freight crush all competition. This cannot be permitted. The courts and legislatures of the country will not and should not permit it. There is as yet no adequate remedy for it in all cases, but it will be provided, and the only safety of railroad companies will be found by them in the faithful and impartial performance of their public duties. If this action were against a railroad company, and the allegations of the bill were sustained by proof, I should not hesitate to employ all the power of the court in the enforcement of what seems to me to be the plain duty of the receivers in the present instance. But this is an action against receivers. They are the officers of the common pleas court of Ross county. That court has the custody and control of the railroad, and has full power to enforce all proper orders for the operation of the road. I have no reason to doubt that that court will do its duty. Indeed, I am bound to presume, and do presume, that it will do so.

Whether the statute of Ohio authorizing

suits against receivers would sustain the jurisdiction of this court in the present action is a question which I do not now decide. In the exercise of that discretion with which the court is invested with reference to cases of injunction or other extraordinary remedies, I deem it my duty, in view of the difficulties, inconveniences and dangers which might arise from the exercise of such jurisdiction in cases like the present, to refuse to interfere by injunction. The complainant can make his application to the Ross county common pleas court, where, I have no doubt, full justice will be done to all concerned.